UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHLEEN DOWD AND NICOLE SILVAROLI,

                Plaintiffs,

    v.

6675 TRANSIT RD LLC, et al.

                Defendants.

Civil Action No.
1:16-cv-01006-LJV

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

BOND, SCHOENECK & KING, PLLC

Sharon M. Porcellio, Esq.
Michael E. Hickey, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

Katherine S. McClung, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 362-4701

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT ...................................................................................................................................2

        A.      Plaintiffs Cannot Assert a Claim Based on Any Lack of Notice at the Time
of Hire Because They Were Hired Before the WTPA Took Effect ........................2

        B.      There is No Private Right of Action for An Alleged Failure to Issue
Annual Wage Notices ...............................................................................................2

        C.      There is No Private Right of Action for An Alleged Failure to Issue Notice
of Changes to Wage-Related Information ...............................................................6

CONCLUSION ................................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Baltierra v. Advantage Pest Control Co.*,
2015 Dist. LEXIS 124961 (S.D.N.Y. Sept. 18, 2015) ................................................................ 5

*Canelas v. A'Mangiare Inc.*,
2015 U.S. Dist. LEXIS 66316 (S.D.N.Y. May 14, 2015) ........................................................... 6

*Carter v. Tuttnaeur U.S.A. Co.*,
78 F. Supp. 3d 564 (E.D.N.Y. 2015) .................................................................................... 4, 7

*Guaman v. Krill Contr. Inc.*,
2015 U.S. Dist. LEXIS 74567 (E.D.N.Y. May 20, 2015) ........................................................... 4

*Hardy v. N.Y.C. Health & Hosps. Corp.*,
164 F.3d 789 (2d Cir. 1999) ................................................................................................... 8

*Hill v. City of New York*,
136 F. Supp. 3d 304 (E.D.N.Y. 2015) ..................................................................................... 7

*Hinckley v. Seagate Hospitality Grp., LLP*,
2016 U.S. Dist. LEXIS 152799 (W.D.N.Y. Nov. 2, 2016) ............................................... 8, 9, 10

*Kone v. Joy Constr. Corp.*,
2016 U.S. Dist. LEXIS 26981 (S.D.N.Y. Mar. 3, 2016) ........................................................ 6, 7

*Lin v. Benihana N.Y. Corp.*,
2012 U.S. Dist. LEXIS 186526 ....................................................................................... passim

*Reyes v. Sofia Fabulous Pizza Corp.*,
2014 U.S. Dist. LEXIS 188734 (S.D.N.Y. Apr. 7, 2014) ................................................. 4, 5, 7

*Rodriguez v. Obam. Mgmt.*,
2016 U.S. Dist. LEXIS 155315 (S.D.N.Y. Nov. 7, 2016) ......................................................... 5

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*,
2016 U.S. Dist. LEXIS 121259 (S.D.N.Y. Sept. 8, 2016) ......................................................... 5

*Yuquilema v. Manhattan's Hero Corp.*,
2014 U.S. Dist. LEXIS 120422 (S.D.N.Y. Aug. 26, 2014) ............................................... 4, 5, 7

**Statutes**

12 N.Y.C.R.R. § 146-2.2 ................................................................................................................. 9

2014 N.Y. Laws 537 ................................................................................................................... 2, 5

N.Y. Lab. Law § 195(1)(a) ............................................................................................... 2, 3, 7

N.Y. Lab. Law § 195(2) ..................................................................................................... 6, 7

N.Y. Lab. Law § 198(1-b) ............................................................................................ 2, 3, 4, 6

iii

Defendants 6675 Transit Rd. LLC, Mark Jerge, Robert Bingel and Russell Salvatore (collectively, "Defendants"), through their counsel, respectfully submit this reply memorandum of law in further support of their Motion to Dismiss.

### PRELIMINARY STATEMENT

In their Sixth Claim in the Complaint, Plaintiffs allege that Defendants failed to furnish them with wage notices pursuant to the Wage Theft Prevention Act ("WTPA"), which is incorporated into the New York Labor Law ("NYLL"). (*See* Compl.[1] ¶¶ 161-163). Specifically, they allege that Defendants failed to provide them with wage notices "at the time of hiring, whenever there was a change to rates of pay, and on or before February 1 of each year of employment through 2014." (Compl. ¶ 163).

The WTPA creates a limited private right of action for employees who are not provided with a wage notice at the time of hire. Plaintiffs admit that they are not alleging such a claim. (*See* Dkt. No. 22 ("Pl. Br."), at 4-5). Furthermore, it is clear that such a claim is not available to Plaintiffs because they were hired before the WTPA took effect, and since the WTPA did not apply retroactively, Plaintiffs were not legally entitled to a WTPA notice upon hire.

In their opposition brief, Plaintiffs admit that they are not asserting a WTPA claim for a failure to provide a wage notice upon hire, and instead are basing their claim on an alleged failure to provide them with "wage notices annually and whenever their rates of pay changed between 2014 and 2017." (*See* Pl. Br., at 6; *see also id.* at 4-5). Thus, Plaintiffs do not dispute that their WTPA notice claim should be dismissed to the extent that it alleges Defendants' failed to provide such notices upon hire.

---

[1] Parenthetical citations to "Compl." refer to the Complaint in this Action. The Complaint is attached as Exhibit 1 to the Declaration of Katherine S. McClung, Esq., which was filed with Defendants' initial moving papers on February 24, 2017.

Moreover, Plaintiffs' claim that they did not receive WTPA notices annually or upon changes to their pay rates should also be dismissed because there is no private right of action for such a claim. Indeed, faced with Defendants' motion to dismiss, Plaintiffs have failed to identify any statute or regulation that creates such a private right of action. This is not surprising because **no private right of action exists**. For these reasons, Defendants respectfully request that Plaintiffs' WTPA claims be dismissed with prejudice.

## ARGUMENT

### A. Plaintiffs Cannot Assert Allege a Claim Based on Any Lack of Notice at the Time of Hire Because They Were Hired Before the WTPA Took Effect.

The WTPA requires employers to provide wage notices to employees "at the time of hiring." *See* N.Y. Lab. Law § 195(1)(a). It is only with respect to this wage notice requirement – applicable at the time of hire – that a private right of action exists. *See* N.Y. Lab. Law § 198(1-b). However, Plaintiffs cannot take advantage of this private right of action because they were hired years before the WTPA went into effect and were not entitled to wage notices as a matter of law. (*See* Dkt. No. 18-3 ("Def. MOL"), at 4). Plaintiffs admit that they are not asserting that they should have received a wage notice upon hire. (*See* Pl. Br., at 4-5). And, Plaintiffs have not cited a single case holding that employees who were hired before the WTPA took effect can state a claim based on a failure to provide wage notices upon hire. Thus, Plaintiffs' claim that they were denied wage notices at the time of hiring must be dismissed.

### B. There is No Private Right of Action for An Alleged Failure to Issue Annual Wage Notices.

In addition to requiring wage notices at the time of hire, the WTPA also originally required an employer to provide a wage notice on or before February 1 of each subsequent year of the employee's employment. However, this requirement was subsequently eliminated through legislation enacted on December 29, 2014. *See* 2014 N.Y. Laws 537. Plaintiffs claim that they

were entitled to this annual notice while the requirement was still in effect. Their claim fails because no private right of action exists – or ever existed – for employees who were not provided with annual wage notices.

In *Lin v. Benihana N.Y. Corp.*, the court considered this issue (concerning the existence of a private right of action) while the WTPA's annual notice requirement was still in effect. *See* 2012 U.S. Dist. LEXIS 186526, at *22-23 (S.D.N.Y. Oct. 23, 2012), adopted by 2013 U.S. Dist. LEXIS 27792 (S.D.N.Y. Feb. 27, 2013). The court dismissed the plaintiffs' WTPA claim regarding annual wage notices, explaining as follows:

> The first paragraph of NYLL § 198(1-b) accords an individual employee a private right of action to recover damages when the "employee is not provided within ten business days of his or her <u>first day of employment</u> a notice as required by [§ 195(1)(a)]." (emphasis added). The next paragraph gives the Commissioner of Labor the power to "bring any legal action necessary, including administrative action" "[o]n behalf of any employee not provided a notice as required by [§ 195(1)(a)] of this article." NYLL § 198(1-b).… The plain language of the statute, as the defendants argue, confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year. NYLL § 198(1-b). In contrast, the provision giving the Commissioner of Labor the power to bring an action does not contain any limitations. Therefore, the proper interpretation of NYLL § 198(1-b) is that only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b).

*Id.*

Thus, Section 198(1-b) of the NYLL permits a private right of action only in connection with an alleged failure to provide the requisite wage notice at the time of hiring. The relevant statutory text is clear. It states, "[i]f any employee is not provided <u>within ten business days of his or her first day of employment</u> a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover [damages] in a civil action." N.Y. Lab. Law §

3

198(1-b) (emphasis added). The private right of action is restricted to violations of a specific requirement (i.e., notice at hire) set forth in a specific section of the NYLL.

Section 198(1-b) of the NYLL gives the Commissioner of Labor slightly broader authority to "bring any legal action necessary" on behalf of any employee "not provided a notice as required by subdivision one of section one hundred ninety five of this article." As made clear in *Lin*, when the annual notice requirement was still in effect, the Commissioner of Labor's broader authority extended to enforcing the time-of-hire and annual notice requirements. With the elimination of the annual notice requirement, the Commissioner of Labor's enforcement authority is limited, like the private right of action, to alleged failures to provide wage notices at the time of hire. *See* N.Y. Lab. Law § 198(1-b).

Many courts, like the *Lin* court, have recognized there is no private right of action related to the WTPA's former annual notice requirement. *See, e.g., Guaman v. Krill Contr. Inc.*, 2015 U.S. Dist. LEXIS 74567, at *19 (E.D.N.Y. May 20, 2015), adopted by 2015 U.S. Dist. LEXIS 74432 (E.D.N.Y. June 9, 2015) (holding that the WTPA "does not extend this private right of action to employees who do not receive subsequent notices on or before February first").[2]

In their brief, Plaintiffs rely on case law expressing the minority view – that employees may sue for alleged failures to provide annual wage notices. However, Plaintiffs' claim – and

---

[2] *See also Carter v. Tuttnaeur U.S.A. Co.*, 78 F. Supp. 3d 564, 570 (E.D.N.Y. 2015) ("[T]he plain language of the statute . . . confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year."); *Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, at *32 (S.D.N.Y. Aug. 26, 2014), adopted by 2014 U.S. Dist. LEXIS 139061 (S.D.N.Y. Sept. 30, 2014) ("[T]he NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the notice in following years."); *Reyes v. Sofia Fabulous Pizza Corp.*, 2014 U.S. Dist. LEXIS 188734, at *21 (S.D.N.Y. Apr. 7, 2014), adopted by 2014 U.S. Dist. LEXIS 60836 (S.D.N.Y. Apr. 24, 2014) ("There is no private right of action under the WTPA for damages based on an employer's failure to provide subsequent annual notices.")

the cited case law – is completely inconsistent with the relevant statutory language.  Nowhere in their brief do Plaintiffs cite to language in the statute that provides (or even infers) a private right of action relating to annual wage notices.  Most courts have recognized that no such private right of action exists, and Defendants respectfully submit that the majority view is consistent with the clear statutory language and is more persuasive.[3]

Significantly, the New York Legislature amended the WTPA in December 2014.  At that time (like now), the majority view in the courts was that the WTPA created a limited private right of action – permitting only employees who did not receive a wage notice upon hire to bring a civil lawsuit.  *See, e.g.*, *Yuquilema*, 2014 U.S. Dist. LEXIS 120422, at *32; *Reyes*, 2014 U.S. Dist. LEXIS 188734, at *21; *Lin*, 2012 U.S. Dist. LEXIS 186526, at *22-23.  If, as Plaintiffs claim, these decisions were contrary to legislative intent, the New York Legislature presumably would have amended the statute to add a private right of action for annual wage notices.  Instead, the New York Legislature took quite the opposite approach, and eliminated the annual wage notice requirement entirely.  *See* 2014 N.Y. Laws 537.  The Legislature's decision not to amend the statutory enforcement provisions – and allow courts to continue to interpret those provisions to include only a limited private right of action – is a clear indication that those courts are correct.  It shows the Legislature did not intend to create a private right of action, other than for WTPA notices upon hire.

---

[3] Many of the cases cited by Plaintiffs are readily distinguishable because, unlike here, they involved courts assessing damages against a defaulting defendant for an alleged violation of the annual notice requirement.  Since the defendants did not appear in those cases, they did not raise the lack of a private right of action.  *See Rodriguez v. Obam. Mgmt.*, 2016 U.S. Dist. LEXIS 155315 (S.D.N.Y. Nov. 7, 2016); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 2016 U.S. Dist. LEXIS 121259 (S.D.N.Y. Sept. 8, 2016); *Baltierra v. Advantage Pest Control Co.*, 2015 Dist. LEXIS 124961 (S.D.N.Y. Sept. 18, 2015).  Because these courts did not consider the issue of whether the WTPA created a broad or limited private right of action, these decisions are hardly persuasive authority for Plaintiffs' position.

In sum, the plain language of the statue, the weight of the case law, and the New York Legislature's 2014 amendment to the WTPA indicate that no private right of action exists – or ever has existed – with respect to the WTPA's former annual notice requirement. Thus, Defendants respectfully submit that Plaintiffs' claim relating to annual WTPA notices should be dismissed with prejudice.

      C.      **There is No Private Right of Action for An Alleged Failure to Issue Notice of Changes to Wage-Related Information.**

In certain circumstances, the WTPA requires employers to provide wage notices to employees upon changes to the information in the original wage notice. *See* N.Y. Lab. Law § 195(2). However, neither the WTPA nor any related regulations provide a private right of action for a purported failure to provide a notice regarding a change in pay rate. *See Kone v. Joy Constr. Corp.*, 2016 U.S. Dist. LEXIS 26981, at *16-17 (S.D.N.Y. Mar. 3, 2016) (holding that employees who began working before April 9, 2011 do not have a private right of action under the WTPA); *Canelas v. A'Mangiare Inc.*, 2015 U.S. Dist. LEXIS 66316, at *11 (S.D.N.Y. May 14, 2015) ("[A]n employee who began working before the WTPA took effect on April 9, 2011 may not bring a claim for an employer's failure to bring wage notices."); *Lin*, 2012 U.S. Dist. LEXIS 186526, at *23 (holding that only employees who did not receive notice upon hire have private right of action). Thus, Plaintiffs' claim based on a purported lack of notice concerning changes in wages or related information must be dismissed.

Significantly, in their brief, Plaintiffs fail to identify any statute or regulation providing a private right of action for a purported violation of the notice requirement concerning changes in wages or other related information. Granted, this is not surprising, since no such authority exists.

As discussed above, Section 198(1-b) of the NYLL provides a limited private right of action for violations of the time-of-hire wage notice requirements created by the WTPA, and it

grants the Commissioner of Labor authority to take legal action with respect to any violation of Section 195(1) of the NYLL (which originally required WTPA notices upon hire and annually).

However, neither Section 198 nor any other statute or regulation create a private right of action for an alleged violation of Section 195(2) – the portion of the WTPA that provides for written notice of "any changes to the information set forth in [Section 195(1)]." *See* N.Y. Lab. Law § 195(2).  This is not unusual, as the New York Legislature frequently creates employment obligations that are not enforceable through a private right of action.  *See, e.g.*, *Hill v. City of New York*, 136 F. Supp. 3d 304, 350-51 (E.D.N.Y. 2015) (holding that "there is no private right of action to enforce [meal breaks] under [NYLL Section] 162" (collecting cases)).  Indeed, even in Section 195, there are numerous other requirements that are not subject to enforcement through a private right of action.  *See, e.g.*, *Carter*, 78 F. Supp. 3d 571 (granting summary judgment on Section 195(4) claim because "nothing in the NYLL authorizes an independent cause of action based on a violation of § 195(4)"); *Kone*, 2016 U.S. Dist. LEXIS 26981, at *16-17 (holding that the NYLL did not create a private right of action for a violation of 195(5)).

Moreover, as with the annual requirement, the New York Legislature declined to create a private right of action in its 2014 WTPA amendment, even though the majority view in the courts (both at the time of the amendment and now) was that the WTPA permitted a private right of action only for notices upon hire.  *See, e.g.*, *Yuquilema*, 2014 U.S. Dist. LEXIS 120422, at *32; *Reyes*, 2014 U.S. Dist. LEXIS 188734, at *21; *Lin*, 2012 U.S. Dist. LEXIS 186526, at *22-23.  The Legislature did not intend to create a broad private right of action here, and this is demonstrated by the plain language of the statute, which creates a broader enforcement right for the NYDOL Commissioner than for employees, and the Legislature's decision not to include broader enforcement language in the 2014 amendment, after numerous court decisions finding a

private right of action only for notices upon hire. *See Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999) (applying "the familiar principle of *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of the other").

Upon review of the clear language of the statute, the majority of courts have recognized that a private right of action exists **only** for employees who did not receive wage notices at the time of hire. *See, e.g.*, *Hinckley v. Seagate Hospitality Grp., LLP*, 2016 U.S. Dist. LEXIS 152799, at *25 (W.D.N.Y. Nov. 2, 2016); *Lin*, 2012 U.S. Dist. LEXIS 186526, at *23 at 23.

There are a few courts that permitted employees to state a claim based on an alleged failure to provide notices regarding certain changes. Like Plaintiffs, the courts in those cases did not cite any statute or regulation creating a private right of action. Such cases are not persuasive, and are inconsistent with both the actions of the New York Legislature and the relevant statutory language.

Plaintiffs' reliance on the NYDOL's WTPA FAQs website is misplaced. This website reflects only the WTPA's requirements (*i.e.*, that employers should give notice upon certain changes) and not the remedies for violations of requirements (*i.e.*, whether employees have a private right of action if they do not receive a notice about changes – the actual issue before this Court). This website simply does not indicate that there is a private right of action for any alleged failure to give a wage notice upon changes.

The Plaintiffs also misconstrue the *Hinckley* decision. In *Hinckley*, the court considered the WTPA claims advanced by the plaintiffs concerning a lack of various wage notices. *See* 2016 U.S. Dist. LEXIS 152799, at *26. The court addressed WTPA's requirements – *i.e.*, the former annual notice requirement, as well as the existing provisions requiring a wage notice at the time of hire and notice of certain changes. The court then explicitly recognized that the

8

WTPA "**only** provides…a private right of action where the employer fails to provide the notice at the time of hire." *Id.* Indeed, while the court recognized the WTPA required wage notices upon hire and upon changes, the court also recognized that there was a limited private right of action – applicable only to the notice upon hire requirement, and this holding directly applies to this case and supports the dismissal of Plaintiffs' claims. The *Hinckley* court permitted the plaintiffs to make allegations about the WTPA annual notices to the extent they were relevant to "the broader minimum wage claim, *i.e.*, that Defendants were not entitled to claim the tip credit at all because they failed to comply with the underlying statutory requirements." *See id.*, at 27. Thus, the *Hinckley* court permitted a minimum wage claim and did not, as Plaintiffs represent, permit the employees to pursue a WTPA claim for failure to provide wage notices upon changes.

Plaintiffs appear to conflate the WTPA notice provisions (*see* N.Y. Lab. Law § 195(1)-(2)) with the tip credit notice regulations (*see* 12 N.Y.C.R.R. § 146-2.2). Section 146-2.2 is not a regulation interpreting the WTPA notice requirements. Indeed, Section 146-2.2 **pre-dates** the WTPA, and cannot serve as the basis for a private right of action for a WTPA notice claim. Specifically, that regulation was put into effect in December 2010 (*see* 12 N.Y.C.R.R. § 146-2.2), whereas the WTPA did not take effect until months later – in April 2011.

Rather, Plaintiffs' Complaint alleges a separate minimum wage claim based upon Section 146-2.2. In that claim, Plaintiffs allege that Defendants improperly failed to pay them full minimum wage. Plaintiffs allege several legal theories on this claim; one of those theories is that the Defendants improperly took the tip credit because they "did not provide waitstaff with written or oral notices stating defendants' intention to take a 'tip credit' against plaintiffs' wages." (*See* Compl. ¶ 88). Thus, Plaintiffs have already alleged a different claim based on Section 146-2.2; and this regulation does not create a basis for a WTPA notice claim. *See*

9

*Hinckley*, 2016 U.S. Dist. LEXIS 152799, at *26-27 (permitting allegations about notices for the minimum wage claim, but dismissing WTPA claim based on same allegations).

Finally, Plaintiffs rely on the New York Hospitality Industry Wage Order ("the Hospitality Wage Order") and argue that employees "must be provided with wage notices when their rates of pay change." (*See* Pl. Br., at 4). They cite three regulations, none of which have anything to do with wage notices. Section 146-2.14(e)(1) of the Hospitality Wage Order addresses the eligibility of wait staff to receive shared tips or receive distributions from a tip pool. Section 146-3.1(a),(b) defines the terms "hospitality industry" and "restaurant." Section 146-3.2(a) defines the term "employee." However, none of these regulations address wage notices. To the extent that Plaintiffs intended to cite Section 146-2.2 (regarding the tip credit notice), that regulation does not address the WTPA notice requirements, as discussed above.

In sum, Plaintiffs provide no basis for a private right of action relating to WTPA notices for changes in pay rates. They have also failed to offer any persuasive explanation for why the majority view on this issue should not apply in the hospitality industry.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its motion to dismiss the Sixth Claim in the Complaint with prejudice and grant any other such further relief as the Court may deem just and proper.

DATED: April 7, 2017                            BOND, SCHOENECK & KING, PLLC

                                                By:   s/Michael E. Hickey
                                                      Sharon M. Porcellio, Esq.
                                                      Katherine S. McClung, Esq.
                                                      Michael E. Hickey, Esq.
                                                      Avant Building – Suite 900
                                                      200 Delaware Avenue
                                                      Buffalo, New York 14202-2107
                                                      Telephone:  (716) 416-7000

10