**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**KATHLEEN DOWD**
**and**
**NICOLE SILVAROLI,**
**on behalf of themselves and all others**
**similarly situated,**

                              **Plaintiffs**
**v.**
                                                            **16-CV-1006V(Sr)**
**6675 TRANSIT RD LLC, et al.,**

                              **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

          This matter was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #20.


          Plaintiffs, servers at defendant Russell's Steaks, Chops & More,

commenced this collective and class action seeking damages pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 _et seq_., and New York Labor Law

("NYLL") § 190, _et seq_., for, _inter alia_, unpaid minimum wages and misappropriated

gratuities.  Dkt. #1.


          Currently before the Court is defendants' motion to dismiss plaintiffs' sixth

cause of action. Dkt. #18.  For the following reasons, it is recommended that the motion

be granted.

## FACTUAL BACKGROUND

Plaintiffs were employed by defendants as servers from approximately 2009 through 2016.  Dkt. #1, ¶¶ 10 & 12.  Plaintiffs' sixth cause of action alleges that:

> defendants failed to furnish plaintiffs and the Rule 23 Class at the time of hiring, whenever there was a change to rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

Dkt. #1, ¶ 163.


## DISCUSSION AND ANALYSIS

Defendants' move to dismiss the plaintiffs' sixth cause of action with prejudice on the ground that although New York's Wage Theft Prevention Act ("WTPA"), provides a limited private right of action to employees who do not receive a wage notice at the time they are hired, plaintiffs were employed prior to the effective date of the statute and are not, therefore, entitled to assert such a claim.  Dkt. #18.

Plaintiffs respond that they are entitled to pursue the sixth cause of action because they did not receive wage notices when their wage rates changed between 2014 and 2017.  Dkt. #22, pp. 8-15.

Defendants reply that there is no private right of action for such failure. Dkt. #24.

Dismissal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Statutory Scheme

As relevant to the instant action, the WTPA, which became effective on April 9, 2011, amended NYLL § 195 (1)(a) to require employers to provide a notice to employees containing specific information regarding wages "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  2010 N.Y. Laws ch. 564 § 3.  The requirement to provide the notice "on or before February first of each subsequent year of the employee's employment with the employer" was deleted from NYLL § 195(1)(a) as of February 27, 2015.  2014 N.Y. Law ch 537 § 1.

The WTPA also amended NYLL § 195(2) to require employers to notify employees in writing of any changes to the information required by § 195(1) at least seven calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with the requirements of NYLL § 195(3).  2010 N.Y. Laws ch. 564 § 3.

The WTPA also amended NYLL § 195(3) to require employers to furnish each employee with a statement containing specific information with every payment of wages.  2010 N.Y. Laws ch. 564 § 3.

As a remedy for violations of NYLL § 195, NYLL § 198(1-a) continued to allow the commissioner to bring any legal action necessary, including administrative action, on behalf of any employee paid less than the wage to which such employee was entitled.  2010 N.Y. Laws ch. 564 § 7. However, the WTPA also added NYLL § 198(1-b), which allowed the commissioner to bring any legal action necessary on behalf of any employee not provided a notice as required by NYLL § 195(1) and to assess damages of fifty dollars for each work week that the violations occurred or continue to occur, not to exceed a total of two thousand five hundred dollars.  2010 N.Y. Laws ch. 564 § 7. This amendment also provided:

> If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees.  The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

2010 N.Y. Laws ch. 564 § 7.  In addition, the WTPA added NYLL § 198(1-d), which allowed the commissioner to bring any legal action necessary on behalf of any employee not provided a statement as required by NYLL § 195(3).  2010 N.Y. Laws ch. 564 § 7.  This amendment also provided:

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with

> costs and reasonable attorney's fees.  The court may also
> award other relief, including injunctive and declaratory relief,
> that the court in its discretion deems necessary or appropriate.

2010 N.Y. Laws ch. 564 § 7.  Effective February 27, 2015, damages were increased to

fifty dollars each work day that the violations occurred or continue to occur, not to

exceed a total of five thousand dollars, under both NYLL § 198(1-b) and (1-d).  2014

N.Y. Law ch 537 § 2.


Analysis

Plaintiffs' sixth cause of action alleges violations of the WTPA, as codified

in NYLL § 195, based upon defendants failure to provide a wage notice: (1) at the time

of hire; (2) on or before February 1st of each year of employment through 2014; and (3)

whenever there was a change to rates of pay.


In *Gold v. New York Life Insurance Company*, the Court of Appeals

determined that the 2011 amendments to the New York Labor Law did not apply

retroactively.  730 F.3d 137, 143-44 (2d Cir. 2013).  In reliance upon this determination,

district courts have concluded that the employer's failure to provide notice at the time of

hiring cannot support a WTPA claim on behalf of plaintiffs hired before the WTPA's

effective date of April 9, 2011.  *Inclan v. New York Hospitality Group*, Inc. 95 F. Supp.3d

490, 501 (S.D.N.Y. 2015); *See Gamero v. Koodo Sushi Corp.,* __ F. Supp.3d __, 15

Civ. 2697, 2017 WL 4326116, at *21 (S.D.N.Y. Sept. 28, 2017) (Because the WTPA

does not apply retroactively, an employee who began working before the WTPA took

effect on April 9, 2011 may not bring a claim pursuant to NYLL § 195(1)); *Lone v. Joy

Const. Corp*., No. 15CV1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016)

(dismissing NYLL § 195(1) claim where plaintiffs alleged commencement of

employment prior to April 9, 2011); *Canelas v. A'Mangiare Inc*., No. 13 CV 3630, 2015

WL 2330476, at *5 (S.D.N.Y. May 14, 2015) (collecting cases).  As the complaint alleges that both of the plaintiffs in this action were hired before the effective date of the WTPA, it is recommended that this aspect of defendants' motion be granted.

NYLL § 195(1)(a)'s requirement to provide annual wage notices to employees was in effect from February 1, 2012 through February 1, 2015.  However, the only remedy provided for a violation of this provision is NYLL § 198(1-b), which allowed the commissioner to bring any legal action necessary on behalf of any employee not provided a notice as required by NYLL § 195(1).  2010 N.Y. Laws ch. 564 § 7.  Recovery in a civil action is only permitted by an employee who is not provided a notice as required by NYLL § 195(1) within ten business days of his or her first day of employment.  2010 N.Y. Laws ch. 564 § 7.  In other words, the plain language of NYLL § 198(1-b) "confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year." *Carter v. Tuttnaeur U.S.A. Co., Ltd.*, 78 F. Supp.3d 564, 570 (E.D.N.Y. 2015), *quoting Guan Ming Lin v. Benihana New York Corp.*, No. 10 Civ. 1335, 2012 WL 7620734, at *8 (S.D.N.Y. Oct. 23, 2012), *report & recommendation adopted*, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013).  "In contrast, the provision giving the Commissioner of Labor the power to bring an action does not contain any limitations." *Guan Ming Lin,* 2012 WL 7620734, at *8.  Therefore, the proper interpretation of NYLL § 198(1-b) is that only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b)." *Id.*; *See Gamero,* 2017 WL 4326116, at *21 n.13 ("even if Plaintiffs did not receive annual wage notices on, for example, February 1, 2013, they cannot recover damages for that violation of Section

195(1)"); *Hinckley v. Seagate Hosp. Group, LLC,* 16-CV-6118, 2016 WL 6524314, at *9 (W.D.N.Y. Nov. 3, 2016) ("NYLL does not provide a private right of action where an employer fails to provide annual notices; rather, it only provides such a private right of action where the employer fails to provide the notice at the time of hire.") *Yuquilema v. Manhattan's Hero Corp*., No. 13-CV-461, 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014) ("Oddly, the NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at hire, but not for subsequent failures to furnish the annual notice in the following years."),  *report & recommendation adopted*, 2014 WL 5039428 (Sept. 30, 2014).

Plaintiffs cite several cases contradicting this analysis.  Dkt. #22, pp.10-11.  In many of those cases, however, the availability of a private cause of action for a violation of NYLL § 195 was not specifically addressed.  *See, e.g., Rodriguez v. Obam Mgmt.*, No. 13 Civ. 463, 2016 U.S. Dist. LEXIS 155315, at *29 (S.D.N.Y. Nov. 7, 2016) (damages inquest following default); *Xochimitl v. Pita Grill of Hell's Kitchen*, 14-CV-10234, 2016 WL 4704917, at * 14 (S.D.N.Y. Sept. 8, 2016) (damages inquest following default), *report & recommendation adopted*, 2016 WL 6879258 (Nov. 21, 2016); *Elisama v. Ghzali Gourmet Deli, Inc*., 14cv8333, 2016 U.S. Dist. LEXIS 588333, at *23 (S.D.N.Y. Apr. 29, 2016)(damages inquest following default);[1] *Baltierra v. Advantage*

---

[1] This case appears to conflate NYLL § 195(1)(a) and § 195(2) ("An employee hired before April 9, 2011 may bring a cause of action for failure to provide an annual wage notice [as required by NYLL § 195(1)(a)] if his or her employer failed to provide a compliant wage notice after the change in wage [as required by NYLL § 195(2)]").  The case relied upon for this conclusion allowed plaintiffs to maintain a cause of action on behalf of workers who did not receive a wage notice every time their wage rate changed after April 9, 2001 because "the legislature could not have intended to confer a private right of action upon new employees, while depriving existing employees of the same right." *Cuzco v. F&J Steaks 37th St. LLC*, No. 13cv1859, 2014 U.S. Dist. LEXIS 72984, at *4 (S.D.N.Y. May 28, 2014).

*Pest Control Co.*, No. 14 Civ. 5917, 2015 U.S. Dist. LEXIS 124961, at *29 (S.D.N.Y. Sept. 18, 2015) (damages inquest following default). Although the court in *Inclan* stated that plaintiffs could recover damages for failure to provide an annual notice, defendants opposed plaintiffs motion for summary judgment on the ground that this claim was not plead in the complaint. 95 F. Supp.3d at 500 & 502.  In the only case cited by plaintiff which specifically addresses the issue, Judge Larimer found that plaintiff had stated a plausible claim for failure to provide annual notices in the manner required by N.Y. Labor Law § 195(1)(a) notwithstanding the fact that the costs and remedies provision of N.Y. Labor Law § 198 did not specify a remedy. *Kress v. Bigsky Technologies, LLC*, No. 15 Civ. 6430, 2016 WL 4184455, at *2 (W.D.N.Y. Aug. 4, 2016). It is the recommendation of this court that the plain language of the WTPA prevail and that this aspect of defendants' motion to dismiss be granted.

NYLL § 198 similarly fails to provide an employee with the right to commence a civil action for damages for violations of NYLL § 195(2).  Given that the legislature specifically provided employees the right to commence a civil action both when they were not provided notice within ten business days of their first day of employment as required by NYLL § 195(1), NYLL § 198(1-b), and when they were not provided a statement as required by NYLL § 195(3),  NYLL § 198(1-d), the absence of such a provision for violations of NYLL § 195(2) should not be disregarded. *See Kone v. Joy Constr. Corp.*, No. 15CV1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (granting defendants' motion to dismiss NYLL § 195(5) claim because no private right of action exists for a violation of that subsection).  Accordingly, it is recommended that defendants motion to dismiss be granted with respect to plaintiffs' claim that defendants failed to provide notification to employees whenever their wages changed.

-8-

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion to dismiss the sixth cause of action (Dkt. #18), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection and shall be supported by legal authority."  <u>Failure to comply with the</u> <u>provisions of Rule 72(b) may result in the District Judge's refusal to consider the</u> <u>objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
              **October 23, 2017**

                                              *s/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**