UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHLEEN DOWD and
NICOLE SILVAROLI,
on behalf of themselves and
all others similarly situated,

        Plaintiffs,

    v.

6675 TRANSIT RD LLC, et al.,

        Defendants.

_____

16-CV-1006

ORDER

On December 16, 2016, the plaintiffs commenced this action. Docket Item 1. On February 25, 2017, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 United States Code Section 636(b)(1)(A) and (B). Docket Item 20. On February 24, 2017, the defendants moved to dismiss the sixth cause of action, Docket Item 18; on March 24, 2017, the plaintiffs responded, Docket Item 22; and on April 7, 2017, the defendants replied, Docket Item 24. On October 23, 2017, Judge Schroeder issued a Report and Recommendation finding that the defendants' motion to dismiss the sixth cause of action should be granted. Docket Item 25. The parties did not object to the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's

recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 United States Code Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's Report and Recommendation as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motion.

Insofar as the plaintiffs rely on the failure to provide notice when they were hired, their hiring date preceded the effective date of the statute, which was not retroactive. Insofar as the plaintiffs rely on the failure to provide subsequent notices when their wages changed or annually, there is no private right of action for such claims. For those reasons, the sixth cause of action does not state a viable claim.

For the reasons stated above and in the Report and Recommendation, the defendants' motion for to dismiss the sixth cause of action, Docket Item 18, is GRANTED. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of February 25, 2017, Docket Item 20.

SO ORDERED.

Dated: November 27, 2017
Buffalo, New York

                                          *s/Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE