

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
KATHLEEN DOWD and NICOLE SILVAROLI,      :

                                                                                       :

                                                                                       :

                                            Plaintiff,      :

                                                                                       :         **16 Civ. 1006 (LJV)**

            -against-                                              :

                                                                                       :

6675 TRANSIT RD LLC, et al.,                          :

                                                                                       :

                                      Defendants.      :
-------------------------------------------------------------------- X

**ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT**

This matter came on for hearing upon the Court's orders of January 6 and 9, February 21, and April 22, 2020, Docket Items 53, 55, 57, 59, following the plaintiffs' unopposed motion for final approval of the settlement in this action, Docket Items 60-62. Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.    By order dated January 6, 2020, this Court preliminarily approved the parties' settlement agreement and release ("Agreement") and the settlement

memorialized therein ("Settlement").  *See* Docket Item 53.  On August 13, 2020, United States Magistrate Judge H. Kenneth Schroeder held a fairness hearing.[1]  Docket Item 63.  Counsel for the plaintiffs, class representative Nicole Silvaroli, and counsel for the defendants were present.  *Id.*  That same day, Judge Schroeder Issued a Report and Recommendation ("R&R") finding that because "no objections have been filed by any members of the class, and [because] the defendants have not opposed the motion [for class settlement], . . . [this Court should] approve the proposed settlement."  Docket Item 64.[2]

---

[1] On February 25, 2017, the Court referred this case to Judge Schroeder for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 20.

[2] A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  No objections were raised to the R&R here, and the time to object now has expired.

Although not required to do so in light of the above and the absence of any objections, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the plaintiffs' motion.

b.     The Court has jurisdiction over the subject matter of the above-captioned action; the named plaintiffs ("Class Representatives"); defendants 6675 Transit Rd LLC d/b/a Russell's Steaks, Chops & More ("Russell's"), Mark Jerge, Robert Bingel, and Russell Salvatore (collectively, the "Defendants"); and all members of the Class, which consists of all individuals who were employed by the Defendants at Russell's as tipped employees, including servers, bussers, banquet serves, and bartenders, at any time during the time period of December 16, 2010, to January 1, 2017, and who have not opted out of this Class (collectively, the "Class").

c.     Unless definitions are specifically provided, all terms herein shall have the same meanings as terms defined in the Agreement, a copy of which was filed by the plaintiffs with their application for preliminary approval. *See* Docket Item 51-1.

d.     The Court grants final approval of the parties' Agreement and the Settlement memorialized therein.

e.     The Court finds that the distribution by first-class mail of the settlement notices constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state laws. Based on evidence and other material submitted in conjunction with the

fairness hearing, the actual notice to the Class was adequate.  These papers
informed Class members of the terms of the Settlement, their rights to
receive a share of the Settlement proceeds, their rights to object to the
Settlement or to elect not to participate in the Settlement and pursue their
own remedies, and their rights to appear in person or by counsel at the
fairness hearing and be heard regarding approval of the Settlement.
Adequate periods of time were provided by each of these procedures.  No
Class member objected to or opted out of the Settlement.

f.      The Court finds, for purposes of settlement only, that the Class satisfies the
applicable standards for certification under Federal Rules of Civil
Procedure 23(a) and 23(b)(3).   Accordingly, solely for purposes of
effectuating this Settlement, this Court has certified a class consisting of all
members of the Class, as that term is defined above.  Because the Class is
being certified here for settlement purposes only, the Court need not (and
does not) address the manageability requirement of Rule 23(b)(3).  *See
Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

g.      The Court finds, for settlement purposes only, that the Class members meet
the requirements for collective action certification under Section 216(b) of
the Fair Labor Standards Act.

4

h.      The Court approves the Settlement of the above-captioned action and the Agreement, including each of the releases and other terms set forth therein, as fair, just, reasonable and adequate as to the Class, the Class Representatives, and the Defendants (collectively "Settling Parties").  The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Agreement.

i.      All claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Class members.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Agreement.

j.      Upon the final effective date of the Agreement, and by operation of this judgment and order, the Class Representatives and each Class member who has not validly and timely requested exclusion from the Settlement by opting out shall be deemed to have, and by operation of the Agreement and this judgment and order shall have, fully released and discharged all Released Parties (as defined in the Agreement) from any wage and hour and recordkeeping-related claims under the New York Labor Law (including the Wage Theft Prevention Act and Minimum Wage Act), and any applicable related rule, regulation, or wage order, whether known or

unknown, through the final effective date of the Agreement, in accordance with, and as stated in, the Agreement.

k.   Upon the final effective date of the Agreement, and by operation of this judgment and order, each and every Class member who receives and timely cashes and/or deposits his or her Settlement check shall be deemed to have, and by operation of the Agreement and this judgment and order shall have, forever and fully released the Released Parties (as defined in the Agreement) from all Fair Labor Standards Act claims, whether known or unknown, through the Final Effective Date of the Agreement, in accordance with, and as stated in, the Agreement.

l.   Each Class Representative and Class member (except those who timely filed valid written requests for exclusion from the Class) is bound by this judgment and order, including, without limitation, the release of claims set forth in the Agreement.

m.   Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above; any wrongdoing or liability of the Defendants or any of the Released Parties; or whether class or collective action certification is

6

warranted in this action or any other proceeding; or that decertification is not warranted in this action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Parties may file the judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

n.   This action is dismissed on the merits and with prejudice, permanently barring and enjoining the Class Representatives and Class members (except those who timely filed valid written requests for exclusion from the Class) from prosecuting any of the Released Claims (as defined in the Agreement).

o.   The Court hereby confirms the appointment of Kathleen Dowd and Nicole Silvaroli as Class Representatives for the Class for purposes of the Settlement.

p.   The Court hereby confirms the appointment of Pechman Law Group PLLC and Cordello Law PLLC as Class Counsel for the Class for purposes of

Settlement and the releases and other obligations set forth in the Agreement.

q.    The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Total Settlement Amount to Class members, Class Counsel, and the Class Representatives shall be done in accordance with the terms outlined in the Settlement Notice and Agreement.   Pursuant to the Settlement Notice and Agreement, the Defendants shall pay Six Hundred Forty-Eight Thousand Dollars and Zero Cents ($648,000.00), to fund a Qualified Settlement Fund.  Other than the Defendants' payment to the Qualified Settlement Fund and employer payroll taxes (if applicable), the Defendants and Released Parties shall not be required to make any other payments in connection with the Settlement. The following payments shall be paid out of the Qualified Settlement Fund: (i) all Individual Settlement Payments; (ii) Class Counsel's approved attorneys' fees and costs in this matter; (iii) Service Payments as approved by the Court; and (iv) payments to the Claims Administrator.  The Court finds that these payments are fair and reasonable.  Accordingly, the Court hereby awards Class Counsel attorneys' fees of $216,000 and costs of $5,796.11.  The Court approves Service Payments of $10,000 to each Class

Representative.  The Court approves a payment of $17,000 to the Claims Administrator for its work performed in this Settlement.

r.    The Defendants are directed to make the foregoing payments to Class Counsel and the Class Representatives in accordance with the terms of the Agreement.  Those payments come out of the Qualified Settlement Fund provided for in the Agreement.  After deducting the foregoing, the remaining shall constitute the Net Settlement Fund, and the Claims Administrator shall calculate the Individual Settlement Payments to each Class member pursuant to the terms of the Agreement.  The Claims Administrator then shall issue settlement checks to each Class member for his or her Individual Settlement Payment.

s.    Unclaimed Individual Settlement Payments, Individual Settlement Payments attributable to any Class member who opts out of the Settlement, and uncashed checks shall be returned to the Defendants as set forth in the Agreement.

t.    This matter is hereby dismissed with prejudice.  Without affecting the finality of this judgment, the Court reserves and retains exclusive and continuing jurisdiction over this Action, the Class Representatives, the Class, Class Counsel, and the Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction,

administration, and interpretation of the Settlement, the Agreement, and this judgment.

u.      This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

v.      The Clerk of Court shall close this case.

**SO ORDERED.**

Dated:    Buffalo, New York
          August 31, 2020

**/s/ Lawrence J. Vilardo**
**LAWRENCE J. VILARDO**
**UNITED STATES DISTRICT JUDGE**

10